FILED

2005 Feb-07  PM 04:02
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| LUCY B. WATSON, | ) |
| | ) |
|      **Plaintiff,** | ) |
| | ) |
| **vs.** | ) |
| | )    **CV NO:_____** |
| CAPITAL ONE, | ) |
| | ) |
|      **Defendant.** | ) |

## INTRODUCTION

This is an action brought by the Plaintiffs, individual consumers, for actual and statutory damages, injunctive relief, attorneys' fees, and costs for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"). Plaintiff also seeks compensatory and punitive damages for the Defendant's violations of Alabama state law as set forth herein.

## JURISDICTION

1.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1332, 1337, and 1367.  Declaratory relief is available pursuant to 28 U.S.C §§ 2201 and 2202.

2.    Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P. 18(a).

3.    Venue is proper in that the Defendant transacts business in Jefferson County, Alabama, and the Plaintiff resides in Jefferson County, Alabama.

## FACTS

4.    The Plaintiff, **Lucy B. Watson**, is a resident and citizen of the State of Alabama and is over the age of twenty-one (21) years.  She is a resident of Birmingham in Jefferson County.

5.    The Defendant, **Capital One**, whose correct corporate status is unknown to Plaintiff at this time, was at all times relevant herein conducting business in Jefferson County, Alabama.

6.      The Defendant extended credit in the form of a credit card, account number 5178-0523-2030-5374, to an individual assuming Plaintiff's name and identity, without the authorization of the Plaintiff.

7.      Said account became delinquent and due.

8.      The Defendant represented, and continues to represent, to national credit bureaus and other third parties that the Plaintiff is indebted to Defendant, that the Plaintiff is past due on the above-referenced account, and that Plaintiff has not made timely payments.

9.      Such statements are false and were false at the time made in that the Plaintiff never authorized, opened or used such account, never was indebted to the Defendant on such account, and never was late or past due on such account.

10.     Plaintiff further advised Defendant that the debt was the result of fraud and forgery, and requested Defendant to provide any and all documentation supporting that the debt was Plaintiff's responsibility.

## COUNT ONE
## INVASION OF THE RIGHT OF PRIVACY

11.     The Plaintiff adopts the averments and allegations of paragraphs 1 through 10 hereinbefore as if fully set forth herein.

12.     The Defendant undertook and/or directed a series of communications to the home of the Plaintiff constituting an invasion of privacy, as set out and described in the common law of the State of Alabama.

13.     Defendant intruded into the Plaintiff's physical solitude by making communications to the Plaintiff's home after repeated requests that the Defendant no longer contact her and after being repeatedly informed that Plaintiff did not owe any money to the Defendant.

14.     Said communications were made in disregard for the Plaintiff's right to privacy.

15.     Said communications and invasions were intentional, willful, and/or malicious, were systematic and continuous in number, and were made to force, coerce, harass, frighten, embarrass and/or humiliate the Plaintiff into paying a debt she did not owe.

16.     As a proximate consequence of said invasion of the right of privacy, the Defendant

has caused the Plaintiff to suffer worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental suffering, pain, and/or anguish for which she seeks compensatory and punitive damages.

## COUNT TWO
## PLACED IN A FALSE LIGHT

17.   The Plaintiff adopts the averments and allegations of paragraphs 1 through 10 hereinbefore as if more fully set forth herein.

18.   The Defendant created an account known as account number 5178-0523-2030-5374 in the Plaintiff's name and reported such account as belonging to the Plaintiff.

19.   The Defendant held the Plaintiff up in a false light and made undesirable and negative character and credit reputation remarks on or about the Plaintiff by either speaking or writing undesirable and negative character and credit reputation remarks about the Plaintiff in the national credit reporting media and/or to other third parties including collectors.

20.   Said undesirable and negative character and credit reputation remarks were offensive, untrue, and inaccurate, and alleged the Plaintiff was in debt to Defendant, and owed money to Defendant, and/or had a bad debt with Defendant.

21.   The Defendant knew that the Plaintiff was not responsible for the account and disputed the account, and that Plaintiff asserted the account was a fraudulent account. The Defendant knew this at the times they published such untrue and negative information.

22.   The conduct of the Defendant was objectionable to the Plaintiff and to any reasonable person.  The Defendant's actions were willful, reckless, wanton, and/or made with malice and resulted in the Plaintiff being unreasonably placed in a false light.

23.   As a proximate cause of the Defendant's conduct, the Plaintiff was caused to have negative credit reports, was subjected to collection calls and activities, and was made to suffer worry, public shame and humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental suffering, pain, fear, fright, and/or anguish for which she seeks compensatory and punitive damages.

## COUNT THREE
## DEFAMATION: LIBEL AND SLANDER

24.   The Plaintiff adopts the averments and allegations of paragraphs 1 through 10

hereinbefore as if fully set forth herein.

25.   The Defendant willfully, wantonly, recklessly and/or maliciously published and communicated false and defamatory statements regarding the Plaintiff.

26.   Said communications were false in that Plaintiff was not indebted to the Defendant, Plaintiff was not obligated to the Defendant, and Plaintiff did not have a bad debt.

27.   Said false and defamatory statements were communicated to credit reporting agencies, and/or other third parties.

28.   At the time said communications were made, the Defendant knew or should have known the falsity of the communication, or recklessly disregarded the potential inaccuracy of the information, yet knowingly, willfully and/or maliciously communicated the falsity to another person and/or entity.

29.   Said false and defamatory statements have harmed the Plaintiff's credit reputation, subjected the Plaintiff to collection efforts by attorneys and/or collectors, and deterred third persons from associating with the Plaintiff.

30.   Said communications were oral and/or written.

31.   As a proximate consequence of said defamation, libel and slander, the Plaintiff was caused to have negative credit reports, was subjected to collection calls and activities, and was made to suffer worry, public shame and humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental suffering, pain, fear, fright, and/or anguish for which she seeks compensatory and punitive damages.

## COUNT FOUR
## RECKLESS AND WANTON CONDUCT

32.   The Plaintiff adopts the averments and allegations of paragraphs 1 through 10 hereinbefore as if fully set forth herein.

33.   Defendant recklessly and wantonly extended credit to individuals, who fraudulently used the identity of the Plaintiff, and allowed the theft and fraudulent use of Plaintiff's identity.

34.   Defendant recklessly and wantonly failed to remove Plaintiff's name in connection with the debt when they found out who was responsible for the fraud. This subjected Plaintiff to unnecessary credit collection/defamation.

35.   Defendant recklessly and wantonly failed to adopt policies or procedures to govern its actions concerning the following:

(a)   The thorough investigation and resolution of consumer claims that accounts were fraudulently opened in the consumer's name and/or that accounts were fraudulently used, and to limit any damage caused to the victims of such fraud.

(b)   To make certain that the information disseminated to others (including the national credit bureaus and those credit grantors likely to use the information provided by those bureaus), is not false, neither libelous nor slanderous, and rises to the level of maximum accuracy.

(c)   To prevent the extension or granting of credit to individuals who fraudulently use the identity of others.

36.   Defendant recklessly and wantonly failed to train its employees on its practices, policies or procedures concerning the following:

(a)   The thorough investigation of consumer claims that accounts were fraudulently opened in the consumer's name and/or that accounts were fraudulently used, and to limit any damage caused to the victims of such fraud.

(b)   To make certain that the information disseminated to others (including the national credit bureaus and those credit grantors likely to use the information provided by those bureaus), is not false, neither libelous nor slanderous, and rises to the level of maximum accuracy.

(c)   To prevent the extension or granting of credit to individuals who fraudulently use the identity of others.

37.   As a result of Defendant's reckless and wanton conduct, the following occurred:

(a)   Unauthorized credit was extended in Plaintiff's name;

(b)   Plaintiff's identity was stolen and used; and

(c)   False, embarrassing, odious, misleading and negative information concerning the Plaintiff was disseminated to others (including the national credit bureaus and those credit grantors likely to use the information provided by those bureaus).

38.   As a proximate consequence of said reckless, willful and/or wanton conduct, the

Plaintiff was caused to have negative credit reports, was subjected to collection calls and activities, and was made to suffer worry, public shame and humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental suffering, pain, fear, fright, and/or anguish for which she seeks compensatory and punitive damages.

## COUNT FIVE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

39.     The Plaintiff adopt the averments and allegations of paragraphs 1 through 10 hereinbefore as if more fully set forth herein.

40.     The Defendant's continual refusal to cease communicating with the Plaintiff was an intentional infliction of emotional distress, willfully and intentionally undertaken, knowing that the same was designed to abuse and coerce, confuse and create great mental and physical pain and damage, so that the Plaintiff would pay debts she did not owe the Defendant.

41.     The Defendant committed the acts set out in the above paragraph by directing communications to the Plaintiff in the State of Alabama.

42.     As a proximate consequence of said intentional infliction of emotional distress, the Defendant have caused the Plaintiff great worry, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental suffering, pain, and/or anguish.

## COUNT SIX
## NEGLIGENT CONDUCT

43.     The Plaintiff adopts the averments and allegations of paragraphs 1 through 10 hereinbefore as if fully set forth herein.

44.     Defendant negligently extended credit to individuals who fraudulently used the identity of the Plaintiff and allowed the theft and fraudulent use of Plaintiff's identity.

45.     Defendant negligently failed to remove Plaintiff's name in connection with the debt when they found out who was responsible for the fraud. This subjected Plaintiff to unnecessary credit collection/defamation.

46.     Defendant negligently failed to adopt policies or procedures to govern its actions concerning the following:

        (a)     The thorough investigation and resolution of consumer claims that accounts were fraudulently opened in the consumer's name and/or that accounts were

fraudulently used, and to limit any damage caused to the victims of such fraud.

(b)     To make certain that the information disseminated to others (including the national credit bureaus and those credit grantors likely to use the information provided by those bureaus), is not false, neither libelous nor slanderous, and rises to the level of maximum accuracy.

(c)     To prevent the extension or granting of credit to individuals who fraudulently use the identity of others.

47.     Defendant negligently failed to train its employees on its practices, policies or procedures concerning the following:

(a)     The thorough investigation of consumer claims that accounts were fraudulently opened in the consumer's name and/or that accounts were fraudulently used, and to limit any damage caused to the victims of such fraud.

(b)     To make certain that the information disseminated to others (including the national credit bureaus and those credit grantors likely to use the information provided by those bureaus), is not false, neither libelous nor slanderous, and rises to the level of maximum accuracy.

(c)     To prevent the extension or granting of credit to individuals who fraudulently use the identity of others.

48.     As a result of Defendant's negligent conduct the following occurred:

(a)     Unauthorized credit was extended in Plaintiff's name;

(b)     Plaintiff's identity was stolen and used; and

(c)     False, embarrassing, odious, misleading and negative information concerning the Plaintiff was disseminated to others (including the national credit bureaus and those credit grantors likely to use the information provided by those bureaus).

49.     As a proximate consequence of said negligent conduct, the Plaintiff was caused to have negative credit reports, was subjected to collection calls and activities, and was made to suffer worry, public shame and humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental suffering, pain, fear, fright, and/or anguish for which she seeks compensatory and punitive damages.

## COUNT SEVEN
## FAIR DEBT COLLECTIONS PRACTICES ACT

50.     The Plaintiff adopts the averments and allegations of paragraphs 1 through 10 hereinbefore as if fully set forth herein.

51.     The Defendant has engaged in collection activities and practices in violation of the Fair Debt Collection Practices Act (hereinafter referred to as "FDCPA") with respect to the Plaintiff.

52.     The Defendant violated §1692c(a)(1) by contacting the Plaintiff at a time or place Defendant knew or should have known was inconvenient to the Plaintiff.

53.     The Defendant violated §1692c(b) by communicating with a third party without the Plaintiff's' consent.

54.     The Defendant violated §1692c(c) by continuing to communicate with the Plaintiff after receiving  notice that the Plaintiff did not owe and refused to pay the debt or requested that the Defendant cease all further communications.

55.     The Defendant violated §1692d by engaging in conduct the natural consequence of which was to harass, oppress, or abuse the Plaintiff in the following ways:

   (a)     By using language the natural consequence of which is to abuse the hearer in violation of §1692d(2).

   (b)     By repeatedly telephoning the Plaintiff with the intent to annoy, abuse, or harass the Plaintiff in an effort to coerce them into paying a debt in violation of §1692d(5).

56.     The Defendant violated §1692e by recklessly, willfully, and/or intentionally making false and misleading representations to the Plaintiff.  At the time the Defendant made these representations to the Plaintiff, the Defendant knew, or should have known, that said representations were false.

57.     The Defendant falsely represented or implied that nonpayment of any debt would result in the prosecution and/or court action when the Defendant did not intend to take such action in violation of §1692e(4).

58.     The Defendant threatened to take action that could not legally be taken or which they did not intend to take in violation of §1692e(5).

59.     The Defendant communicated to a third person credit information which was known or which should have been known to be false in violation of §1692e(8).

60.     The Defendant failed to communicate that a disputed debt was disputed in violation of §1692e(8).

61.     In violation of 15 U.S.C. §1692g(b), after receiving written notification from the Plaintiff that the debt was disputed, the Defendant failed to cease collection of the debt, or any disputed portion thereof.

62.     As a proximate result of the Defendant's actions, the Plaintiff was caused to have negative credit reports, was subjected to collection calls and activities, and was made to suffer worry, public shame and humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental suffering, pain, fear, fright, and anguish for which she seeks compensatory and punitive damages.

## AMOUNT OF DAMAGES DEMANDED

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands a judgment against Defendant, CAPITAL ONE, as follows:

A.      Declaratory judgment that Capital One's conduct violated the FDCPA, 15 U.S.C. § 1692, *et seq.*;

B.      Actual, compensatory, and punitive damages for violation of the FDCPA and related state law claims;

C.      Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k;

D.      For such other and further legal and equitable relief as the Court may deem just and proper.

Respectfully submitted before this court,

_____
Charles J. Lorant (ASB-6465-O76C)
Attorney for Plaintiff

**OF COUNSEL:**
ALABAMA INJURY LAWYERS, P.C.
401 Office Park Drive
Birmingham, AL 35223
(205) 870-9848

**THE PLAINTIFF DEMANDS A JURY BY TRIAL**

_____
Of Counsel


**SERVE DEFENDANT BY CERTIFIED MAIL AT:**

Capital One
C/o Beverly Crump, Registered Agent
11 South 12 Street
Richmond, VA 23219